# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

**CR 14 336**

ERIC OMURO,
a/k/a Steve Bucher,
a/k/a Craig Armstrong,
a/k/a Ed Cook,
a/k/a "Red," and
ANNMARIE LANOCE,
a/k/a Madison Monroe,
a/k/a "Maddie,"

**WHO**

DEFENDANT(S).

---

## INDICTMENT

18 U.S.C. § 1952(a)(3)(A) and (b)(i)(1) - Interstate and Foreign Travel in Aid of
Racketeering Enterprise;
18 U.S.C. § 1957(a) - Money Laundering;
18 U.S.C. § 2 - Aiding and Abetting;
18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and
28 U.S.C. § 2461(c) - Forfeiture Allegations

---

A true bill.

_____ Foreman

Filed in open court this _24th_ day of
_June 2014_

_____ Clerk

Bail, $ _no bail / arrest warrants as to both defendants_

Nathanael Cousins
United States Magistrate Judge

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1952(a)(3)(A) and (b)(i)(1) - Interstate and Foreign Travel in Aid of Racketeering Enterprise;
18 U.S.C. § 1957(a) - Money Laundering;
18 U.S.C. § 2 - Aiding and Abetting;
18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c) - Forfeiture Allegations

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Please see attachment.

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**DEFENDANT - U.S**
► ERIC OMURO

DISTRICT COURT NUMBER
**CR 14 336**

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ►
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed _____

DATE OF ARREST ► Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ► Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of: } SHOW DOCKET NO.
☐ U.S. ATTORNEY ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant } MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   Melinda Haag
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Elise Becker

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:
_____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

## ATTACHMENT: MAXIMUM STATUTORY PENALTIES

DEFENDANT: ERIC OMURO, a/k/a Steve Bucher, a/k/a Craig Armstrong, a/k/a Ed Cook, a/k/a "Red"

PENALTY: Maximum Prison Term: 5 Years (Racketeering) and 10 years (Money Laundering);
Maximum Fine of $250,000 or twice the amount of criminally derived property;
Maximum Term of Supervised Release of 3 years;
Mandatory Special Assessment of $100 per count.

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1952(a)(3)(A) and (b)(i)(1) - Interstate and Foreign Travel in Aid of Racketeering Enterprise;
18 U.S.C. § 2 - Aiding and Abetting;
18 U.S.C. §§ 981(a)(1)(C) and
28 U.S.C. § 2461(c) - Forfeiture Allegations

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:  Maximum Prison Term of 5 Years;
Maximum Fine of $250,000;
Maximum Term of Supervised Release of 3 years;
Mandatory Special Assessment of $100.

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

DEFENDANT - U.S.
▶ ANNMARIE LANOCE

DISTRICT COURT NUMBER
**CR 14 336 WHO**

DEFENDANT
IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    Melinda Haag
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Elise Becker

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
3
4
5
6
7
8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN FRANCISCO DIVISION
11
                                        CR 14    336 WHO
12 | UNITED STATES OF AMERICA,        )
                                      )
13 |       Plaintiff,                 ) VIOLATIONS:
                                      ) 18 U.S.C. § 1952(a)(3)(A) and (b)(i)(1) - Interstate
14 |   v.                             ) and Foreign Travel in Aid of Racketeering Enterprise;
                                      ) 18 U.S.C. § 1957(a) - Money Laundering;
15 | ERIC OMURO,                      ) 18 U.S.C. § 2 - Aiding and Abetting;
       a/k/a Steve Bucher,            ) 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. §
16     a/k/a Craig Armstrong,         ) 2461(c) - Forfeiture Allegations
       a/k/a Ed Cook,                 )
17     a/k/a "Red," and               )
   ANNMARIE LANOCE,                   ) SAN FRANCISCO VENUE
18     a/k/a Madison Monroe,          )
       a/k/a "Maddie,"                )
19                                    )
           Defendants.                )
20                                    )
21
22                                  INDICTMENT

23  The Grand Jury charges:

24  COUNT ONE: (18 U.S.C. § 1952(a)(3)(A) and (b)(i)(1) – Interstate and Foreign Travel in Aid of
            Racketeering Enterprise; 18 U.S.C. § 2 – Aiding and Abetting)
25
    1.    From on or about April 1, 2010, to the present, in the Northern District of California and
26
    elsewhere, defendants,
27
28

INDICTMENT                                1

| | |
|---|---|
| 1 | ERIC OMURO, |
| 2 | a/k/a Steve Bucher, |
|   | a/k/a Craig Armstrong, |
| 3 | a/k/a Ed Cook, |
|   | a/k/a "Red," and |
| 4 | ANNMARIE LANOCE, |
|   | a/k/a Madison Monroe, |
|   | a/k/a "Maddie," |

knowingly used the mail and a communication facility in interstate and foreign commerce, such as the Internet, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, to wit: prostitution offenses in violation of the laws of the State in which they are committed, including California Penal Code Section 647(b), and thereafter performed an act that did promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of the unlawful activity, in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A) and (b)(i)(1).

COUNTS TWO THROUGH TWENTY-FIVE: (18 U.S.C. § 1957(a) – Money Laundering)

2.     On or about the dates set forth below, in the Northern District of California and elsewhere, defendant,

ERIC OMURO,
a/k/a Steve Bucher,
a/k/a Craig Armstrong,
a/k/a Ed Cook,
a/k/a "Red,"

knowingly engaged in the following monetary transactions, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that was derived from specified unlawful activity, namely racketeering in support of prostitution offenses in violation of Title 18, United States Code, Section 1952(a)(3)(A) and (b)(1).

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| TWO | 6/22/2010 | Transfer from Bank of America (BoA) account ending -1953 to JP Morgan Chase (Chase) account ending -6555 in the amount of $275,000. |
| THREE | 9/15/2010 | Transfer from BoA account ending -1953 to Addison Avenue FCU (AAFCU) account ending - |

INDICTMENT                        2

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| | | 4904 in the amount of $95,000. |
| FOUR | 11/9/2010 | Transfer from BoA account ending -1953 to AAFCU account ending -4904 in the amount of $95,000. |
| FIVE | 11/30/2010 | Transfer from BoA account ending -1953 to AAFCU account ending -4904 in the amount of $97,000. |
| SIX | 2/7/2011 | Transfer from BoA account ending -5921 to First Technology Federal Credit Union (FTFCU) account ending -4904 in the amount of $98,000. |
| SEVEN | 4/19/2011 | Transfer from BoA account ending -1953 to FTFCU account ending -4904 in the amount of $98,000. |
| EIGHT | 6/21/2011 | Transfer from BoA account ending -1953 to FTFCU account ending -4904 in the amount of $98,000. |
| NINE | 9/26/2011 | Transfer from BoA account ending -5921 to Ally Bank ending -7329 in the amount of $90,000. |
| TEN | 10/17/2011 | Transfer from BoA account ending -1953 to FTFCU account ending -4904 in the amount of $90,000. |
| ELEVEN | 4/13/2012 | Transfer from BoA account ending -1953 to Ally Bank account ending -7329 in the amount of $90,000. |
| TWELVE | 6/21/2012 | Transfer from BoA account ending -5921 to Ally Bank account ending -7329 in the amount of $95,000. |
| THIRTEEN | 9/27/2012 | Transfer from BoA account ending -1953 to Ally Bank account ending -7329 in the amount of $95,000. |
| FOURTEEN | 10/23/2012 | Transfer from BoA account ending -1953 to Chase account ending -7950 in the amount of $100,000. |
| FIFTEEN | 1/16/2013 | Transfer from BoA account ending -1953 to Ally Bank account ending -7329 in the amount of $99,000. |
| SIXTEEN | 4/14/2013 | Transfer from BoA account ending -5921 to Chase account ending -7950 in the amount of $100,000. |
| SEVENTEEN | 4/19/2013 | Transfer from BoA account ending -1953 to Ally Bank account ending -7329 in the amount of $99,500. |
| EIGHTEEN | 5/31/2013 | Transfer from BoA account ending -5921 to FTFCU account ending -4904 in the amount of $90,000. |

INDICTMENT  3

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| NINETEEN | 5/31/2013 | Transfer from BoA account ending -5921 to Ally Bank account ending -7329 in the amount of $98,800. |
| TWENTY | 7/11/2013 | Transfer from BoA account ending -5921 to Ally Bank account ending -7329 in the amount of $99,000. |
| TWENTY-ONE | 8/1/2013 | Transfer from BoA account ending -1953 to FTFCU account ending -4904 in the amount of $95,000. |
| TWENTY-TWO | 9/19/2013 | Transfer from BoA account ending -5921 to Ally Bank account ending -7329 in the amount of $99,000. |
| TWENTY-THREE | 12/6/2013 | Transfer from BoA account ending -5921 to Ally Bank account ending -7329 in the amount of $98,000. |
| TWENTY-FOUR | 12/6/2013 | Transfer from BoA account ending -5921 to FTFCU account ending -4904 in the amount of $96,000 |
| TWENTY-FIVE | 1/17/2014 | Transfer from BoA account ending -1953 to Ally Bank account ending -7329 in the amount of $97,000. |

All in violation of Title 18, United States Code, Section 1957(a).

FIRST FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture of Racketeering Proceeds)

3. All of the allegations contained in paragraph one are realleged and incorporated as though fully set forth for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

4. Upon conviction for the offense charged in Count One above, defendants,

ERIC OMURO,
a/k/a Steve Bucher,
a/k/a Craig Armstrong,
a/k/a Ed Cook,
a/k/a "Red," and
ANNMARIE LANOCE,
a/k/a Madison Monroe,
a/k/a "Maddie,"

INDICTMENT 4

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1952, up to at least approximately $5,419,791, including but not limited to the following:

    a. 2011 BMW, California License Plate 6TOG563, VIN WBSPM9C55B698912, with the registered owner listed as Eric Omuro;

    b. 2012 Mini Cooper, California License Plate 6WWZ806, VIN WMWZC352CWL84479 with the registered owner listed as Nadja Villegas;

    c. Funds not to exceed $518,833.96 in Bank of America, N.A., business money market account #05208-01953 held in the name of Armstrong Computer Services, Inc.;

    d. Funds not to exceed $501,376.45 in Bank of America, N.A., business advantage checking account #01445-25921 held in the name of Armstrong Computer Services, Inc.;

    e. Funds not to exceed $33,935.38 in First Tech Federal Credit Union carefree checking account #273664904 held in the name of Eric Omuro;

    f. Funds not to exceed $15,232.66 in First Tech Federal Credit Union carefree savings account #27366480 held in the name of Eric Omuro;

    g. Funds not to exceed $82,956.41 in Ally Bank online savings account #2113417329 held in the name of Eric Omuro;

    h. Funds not to exceed $17,101.33 contained in Ally Bank online savings account #2114192780 held in the names of Eric Omuro and Kerilyn Omuro;

    i. Funds not to exceed $77,642.16 in Ally Bank online savings account #1023724931 held in the name of Eric Omuro;

    j. Funds not to exceed $25,418.52 in JP Morgan Chase account #3151506555 held in the name of Eric Omuro;

    k. Funds not to exceed $100,000 in JP Morgan Chase account #2900278010 held in the name of Armstrong Computer Services, Inc.;

    l. Funds not to exceed $66,305.73 in JP Morgan Chase account #100727950 held in the name of Armstrong Computer Services, Inc.; and

    m. Funds not to exceed $99,790.55 exclusive of penalties and interest in the IRA E-Trade account #65491813 held in the name of Eric Omuro;

5. If any of the aforementioned property, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with a third person;

    c. Has been placed beyond the jurisdiction of the Court;

INDICTMENT      5

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property that cannot be divided without difficulty,

any and all interest defendants have in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

<u>SECOND FORFEITURE ALLEGATION</u>: (18 U.S.C. § 982(a)(1) – Property Involved in Money Laundering)

6. All of the allegations contained in paragraph two are realleged and incorporated as though fully set forth for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

7. Upon conviction for the offenses charged in Counts Two through Count Twenty Five above, defendant,

> ERIC OMURO,
> a/k/a Steve Bucher,
> a/k/a Craig Armstrong,
> a/k/a Ed Cook,
> a/k/a "Red,"

shall forfeit to the United States any property, real or personal, involved in a violation of Title 18, United States Code, Section 1957, or any property traceable to such offense, up to at least approximately $5,419,791, constituting money involved in the money laundering, including but not limited to the following:

    a. 2011 BMW, California License Plate 6TOG563, VIN WBSPM9C55B698912, with the Registered Owner listed as Eric Omuro;

    b. 2012 Mini Cooper, California License Plate 6WWZ806, VIN WMWZC352CWL84479 with the registered owner listed as Nadja Villegas;

    c. Funds not to exceed $518,833.96 in Bank of America, N.A., business money market account #05208-01953 held in the name of Armstrong Computer Services, Inc.;

    d. Funds not to exceed $501,376.45 in Bank of America, N.A., business advantage checking account #01445-25921 held in the name of Armstrong Computer Services, Inc.;

    e. Funds not to exceed $33,935.38 in First Tech Federal Credit Union carefree checking account #273664904 held in the name of Eric Omuro;

INDICTMENT                                  6

f. Funds not to exceed $15,232.66 in First Tech Federal Credit Union carefree savings account #27366480 held in the name of Eric Omuro;

g. Funds not to exceed $82,956.41 in Ally Bank online savings account #2113417329 held in the name of Eric Omuro;

h. Funds not to exceed $17,101.33 contained in Ally Bank online savings account #2114192780 held in the names of Eric Omuro and Kerilyn Omuro;

i. Funds not to exceed $77,642.16 in Ally Bank online savings account #1023724931 held in the name of Eric Omuro;

j. Funds not to exceed $25,418.52 in JP Morgan Chase account #3151506555 held in the name of Eric Omuro;

k. Funds not to exceed $100,000 in JP Morgan Chase account #2900278010 held in the name of Armstrong Computer Services, Inc.;

l. Funds not to exceed $66,305.73 in JP Morgan Chase account #100727950 held in the name of Armstrong Computer Services, Inc.;

m. Funds not to exceed $99,790.55 exclusive of penalties and interest in the IRA E-Trade account #65491813 held in the name of Eric Omuro;

n. The domain name sfredbook.com, an Internet website; and

o. The domain name myredbook.com, an Internet website.

8. If any of the aforementioned property, as a result of any act or omission of the defendant:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with a third person;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property that cannot be divided without difficulty,

any and all interest defendants have in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18,

//
//
//
//
//

INDICTMENT                                   7

1 | United States Code, Section 982(b)(1).

2 | DATED:                          A TRUE BILL.

6/24/14

FOREPERSON

MELINDA HAAG
United States Attorney

J. DOUGLAS WILSON
Chief, Criminal Division

(Approved as to form: _____)
                       AUSA BECKER

INDICTMENT                        8